[No. 5592.]
[No. 3270 C. A.]

HERON v. WESTON.

1. Instructions—Nondirection—Nondirection is not error unless the effect is to mislead the jury.—P. 381.

In an equity cause, error in the instructions will not be fatal unless it appears from the charge that the decree was the result of applying erroneous principles to the facts.—P..381.

2. Evidence—Parol Admissible—Parol is admissible to convert a deed absolute of lands into a mortgage.—P. 382.

Evidence relevant to any issue is admissible.—P. 383.

3. Contracts — Construed — A writing provided that the defendant, at request of plaintiff, had purchased of a certain bank a promissory note of plaintiff, bearing a certain rate of interest, and that thereafter it should bear an increased rate; that, as soon as plaintiff should secure title to certain properties upon which she had executed a mortgage to secure the note, she would execute a new note bearing an increased rate of interest, and trust deed; that, in the meantime, defendant should collect the rents and apply the same upon the note, and that the property should be sold under the first trust deed at such time as the parties should thereafter agree. Held, to establish the contention of plaintiff that the relation of the parties was the same after foreclosure of the first trust deed as before, i. e., mortgagor and mortgagee.—P. 383.

4. Statute of Frauds—Interest in Lands—An oral agreement between mortgagor and a third person, that the latter shall purchase and foreclose the mortgage and afterwards sell the lands, paying the mortgagor the excess over the mortgage debt and interest, is not obnoxious to the statute.—P. 382.

*Appeal from Denver District Court.*
*Hon. F. T. Johnson, Judge.*

Mr. T. D. WALLING, for appellant.

Mr. GEO. M. ANDREWS, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Fairly considered, the object of the action is to have deeds absolute on their face declared mortgages

and to obtain a recovery by the mortgagor from the mortgagee of the proceeds of the sale by the mortgagee of the mortgaged property in excess of the mortgage debt. The material allegations of the complaint are, substantially, that James Doyle purchased a note secured by a trust deed on real estate in the city of Leadville, which were given by plaintiff's deceased husband, to whose rights therein she had succeeded, and that, in consideration of an additional rate of interest which plaintiff promised to pay Doyle, he agreed with her that, although he might foreclose the deed and secure legal title to the property, the transaction should still be considered a mortgage; and he further agreed that, whenever the property should thereafter be sold either by him, or plaintiff, if she should acquire title thereto, Doyle was to be paid the amount of his debt and all interest charges and taxes, and the excess, if any, should go to plaintiff. Afterwards Doyle, by quit-claim deed, conveyed the property to defendant Heron, who, plaintiff alleges, at and before the time of such purchase, knew the true nature of the transaction between her and Doyle, and that Doyle was holding the property merely as security for plaintiff's debt to him, and that defendant Heron agreed to hold the property, when it was conveyed to him, in the same way as a security for such debt, and that he would be bound by the agreement which existed between plaintiff and Doyle. Plaintiff alleges that defendant, disregarding her rights, sold and conveyed the premises for two thousand dollars in excess of the amount of the mortgage debt, interest, charges, and taxes, and refused to account to her for the excess. She therefore asks judgment against him for the amount of her equity in the sum of two thousand dollars. The answer substantially puts in issue all the material allegations of the complaint and sets up the

statute of frauds, alleging that plaintiff is trying to create or establish an interest or estate in the lands covered by the mortgage which is not evidenced by any writing, but rests in parol. The court submitted the case to a jury, which found a verdict for plaintiff in the sum of sixteen hundred dollars, upon which judgment was entered, and defendant appealed, assigning many errors, which may be grouped under three heads: (1) Errors in instructing the jury; (2) Errors in admitting and rejecting evidence; (3) Material variance between the allegations of plaintiff's complaint and her proofs.

1. A careful examination reveals no prejudicial error in the charge. It may be true that the court did not as fully instruct the jury as the evidence warranted, but defendant tendered no instructions. Mere nondirection is not ground for reversal, unless omission in this respect misled the jury. We do not think they were misled. Aside from this, the issues of fact raised by the pleadings are largely, if not exclusively, equitable in their nature. Hence their submission to a jury for their finding was discretionary with the court, and their verdict is only advisory. Errors assigned to instructions in such cases are not usually reviewed or deemed grounds of reversal, unless they indicate that the decision of the trial court on the merits was brought about by applying to a given state of facts erroneous legal principles. For both reasons above given, we think the defendant was not prejudiced by the charge.

2. The main objections to rulings of the court upon the evidence are not good. They proceed on the mistaken assumption that plaintiff was seeking to create or establish an estate or interest in real property by oral testimony. Such was not the purpose of the action. On the contrary, it was to prove that certain deeds of conveyance, absolute on their

face, were mortgages, and to enforce the equity which plaintiff, as a mortgagor, had in the mortgaged property by asking for the proceeds of its sale in excess of the mortgage debt. In this jurisdiction, as generally in this country, parol evidence is competent for such purpose.—*Butsch v. Smith,* 40 Colo. 64, 90 Pac. 61.

None of the other errors assigned to the rulings upon the evidence merit consideration.

3. Apparently the ground chiefly relied upon by learned counsel for defendant is that there was a material variance between plaintiff's proofs and the averments of her complaint. As part of her case, plaintiff introduced a writing signed by her and Doyle, which, in substance, recites that at her request Doyle bought the note in question from the payee, the American National Bank of Denver, which drew eight per cent. interest, under an agreement between them that she was to pay ten per cent. interest thereon and a like rate of interest on any further sums that he might thereafter advance as taxes, expenses, etc. The agreement then provided that, as soon as the same can conveniently be done and after plaintiff secures title to the property, she will execute a new note bearing ten per cent. interest and trust deed on the property, and in the meantime Doyle is to collect rents from the property and to apply the same on the note. The agreement further provides that it was understood between them that the property should be sold under the first trust deed at such times as the parties shall thereafter agree upon.

It is strenuously contended that this written agreement tends to prove an entirely different contract from that set out in such allegations. It might be conceded that the complaint is indefinite and uncertain in some of its allegations, and that they may not be entirely consistent with each other. No such

objection, however, was interposed below. The written agreement may not be responsive to all of these allegations, but certainly it is responsive and tends to establish some, if not all, of them. Being thus responsive to some of the allegations, and assuming it to have been entered into by the parties, which defendant admits, the writing establishes the very important issue that it was the intention of plaintiff and Doyle that the relation of mortgagor and mortgagee should continue to exist between them after, just as before, the original trust deed was foreclosed and Doyle obtained a legal title to the premises. Being relevant to such issue, the court properly admitted the written instrument.

In addition to the writing there was oral testimony tending, and if believed by the court or jury sufficient, to establish this and all the other material allegations of the complaint. Such evidence tended to show that defendant Heron, before he purchased this property, knew of the true relation between Doyle and plaintiff, and that he agreed, both before and after such purchase, to continue that relation, and that, when the property should be sold, which was thereafter effected by him, plaintiff should have the proceeds of the sale, if any, in excess of the amount of money which he paid to Doyle for the property and the interest, taxes, and other legal charges which he might thereafter be required to pay out. In short, the evidence was sufficient, under the rule prevailing in this jurisdiction, to prove that the transaction between Doyle and plaintiff, as well as that between defendant Heron and plaintiff, though evidenced by deed absolute on its face, was, as between these parties, intended to be, and was in fact, a security for a debt and, in equity, a mortgage. Plaintiff, therefore, had an equity in the property, and, at her election, was entitled to the amount for

which defendant sold it in excess of the mortgage debt and legal charges. The evidence upon most of the controverted issues was in conflict, but the jury was legally justified in their finding for plaintiff, and the court, had the case been tried without a jury, might well have reached the same conclusion as, in reality, it did when it approved their finding.

Perceiving no prejudicial error in the record, the judgment is affirmed. *Affirmed.*

Chief Justice Steele and Mr. Justice Gabbert concur.