[No. 6562.]

REITZE ET AL. *v.* HUMPHREYS.

1. WRONGFUL DETAINER—*Answer—Equitable Defenses*—In an ac-
tion of wrongful detainer by landlord against tenant, the defendant
may set up as a defense that he is the owner in equity of the premises,
and the plaintiff, though invested with the title, a mere mortgagee.
And he may prove such relation of mortgagor and mortgagee, thus
disproving the relation of landlord and tenant, averred in the com-
plaint. The rule that the tenant may not deny the landlord's title has
no application.

2. EQUITY—*Doctrines of Still in Force*—Though the distinction
between actions at law and suits in equity has been abolished, the
principles of equity are still applied.

3. ELECTION OF REMEDIES—*Legal and Equitable Causes Involving
the Same Rights*—Defendants claiming to be the equitable owners of
real property, the title to which was vested in plaintiff, brought an ac-
tion, asserting such equitable right, and praying that plaintiff be ad-
judged a mere mortgagee. The plaintiff answered, claiming under the
identical transaction set up by the complaint, and asserting that the
defendants, plaintiffs in that action, were his tenants unlawfully hold-
ing over. Pending this action plaintiff instituted an action of wrong-
ful detainer, demanding possession of the premises, which was after-
wards remanded to the same court in which the equitable action was
pending. *Held*, that the court should have dismissed the action of un-
lawful detainer, or retained it until determination of the equity suit,
and an appeal prosecuted therein by the defendant, plaintiffs in that
action, from an adverse decree.

*Error to Denver District Court.*—Hon. HARRY C. RID-
DLE, Judge.

Mr. F. T. JOHNSON, Mr. S. W. JOHNSON, for plaintiffs
in error.

Mr. EDWARD L. SHANNON, for defendant in error..

Mr. JUSTICE MUSSER delivered the opinion of the court:

This writ of error was sued out to review a judgment of
the district court in an action of unlawful detainer, which was
begun before a justice of the peace. It involves the same prop-
erty and in fact the same transaction and parties as Case No.
6588, (*Post* 177) which has just been determined. For conven-
ience, we will refer to the case last mentioned as the equity suit,
and the other as unlawful detainer. The two were consolidated
for hearing and determination in this court. As shown by the
opinion in the equity suit, there was an unlawful detainer
action between the same parties for possession of the same
property pending in the county court on appeal from a justice
of the peace. It is made to appear in this case that that first
unlawful detainer action ran afoul of some question of juris-
diction in the county court and was dismissed. The present
unlawful detainer action was commenced in a justice court
while the equity action was pending in the district court. On
the incoming of the defendant's answer, the justice certified
the action to the district court. We need not stop to inquire
whether the justice should have so certified the case, for the
district court had jurisdiction in unlawful detainer, and the
parties appeared and made motions, filed pleadings and tried
the case without objecting to its being there.

Mr. Humphreys, the plaintiff, alleged in his complaint
that he had leased the premises to the defendants, the Reitzes,
for a certain term; that the term had ended; that under the
contract of lease the defendants had agreed to surrender the
premises at the end of the term; that demand in writing had
been made upon them; that they refused to surrender and

prayed for possession in plaintiff. To this complaint the defendants filed an answer, first denying the allegations of the complaint and then further answered that the defendant, Bertha S. Reitze, had borrowed money from the plaintiff; that the property had been deeded to the defendant to secure the loan; that the lease had been executed upon the false and fraudulent representations of the plaintiff that all parties would be better secured by allowing the plaintiff to pretend to be the owner of the premises, and to go through the form of executing a lease thereon, and that the plaintiff had no right in the premises except as mortgagee. For a further answer and cross-complaint the matters of the loan, quit-claim and sheriff's deeds, lease and option detailed in the opinion in the equity suit were pleaded by the defendants, and they alleged in substance that the lease mentioned by the plaintiff in his complaint was a part of the transaction whereby the loan was secured; that the plaintiff had no other rights in the premises than as mortgagee; that the mortgage had not been foreclosed, and asked that the complaint be dismissed, and that the defendant, Bertha Reitze, be adjudged to be the owner of the premises, subject to the mortgage held by the plaintiff. To this answer the plaintiff replied in substance that in the transaction detailed in the defendants' cross-complaint the plaintiff became the owner of the premises, and the relation of landlord and tenant was created between him and the defendants. Before the trial of the unlawful detainer action in the district court, the equity suit was tried, in which a judgment was rendered in favor of Humphreys and against the Reitzes, finding and adjudging that Humphreys was the owner of the premises and entitled to the possession thereof, and the Reitzes were ordered to deliver possession within ten days, and if they failed to do so then a writ should issue to oust them. From this judgment an appeal was taken. After the rendition of the judgment in the equity suit, while the appeal was pending, the plaintiff, by leave of court, filed what he called his supplemental answer to defendants' further answer and cross-complaint,

wherein he alleged the commencement of the equity suit; set forth the pleadings and the judgment rendered therein; alleged that the cause of action, the matters adjudicated and the parties in the equity suit were the same as involved in the further answer and cross-complaint, and that the defendants were thereby estopped from making their attempted defense. To this so-called supplemental answer of the plaintiff, the defendants replied and alleged, among other things, that the equity suit was brought before the unlawful detainer action, admitted the rendition of the judgment, the identity of cause of action, matters adjudicated and parties in the equity suit, alleged that an appeal had been prayed, allowed and perfected from the judgment of the district court, where the suit was pending, and prayed that the unlawful detainer action be abated until the final determination of the equity suit.

The plaintiff contends that the defendants could not plead and prove in such an action the transaction of the loan, quitclaim and sheriff's deeds, lease and option, which, if proven, would make the relation of the parties mortgagor and mortgagee, as seen in the opinion of this court in the equity suit. If the relation was mortgagor and mortgagee the defendants were entitled to the possession. Sec. 2612 Rev. Stat. 1908, provides that a defendant, in an action for unlawful detainer, in his answer, "shall set forth all the substantial facts upon which he relies, entitling him to the possession of the property described in plaintiff's complaint." His possession as a mortgagor is a substantial fact on which he may rely for possession. Of course if he shall plead such a fact he may prove it and profit thereby.—*Adcock v. Lieber,* 51 Colo. 373, 117 Pac. 993.

The court refused to permit the defendants to introduce evidence tending to prove the transaction of the loan which made the relation of the parties mortgagor and mortgagee instead of landlord and tenant as alleged in plaintiff's complaint. This evidence was objected to on two grounds; first, because, as claimed, the relation was landlord and tenant; and second,

because these matters had been litigated and determined in the equity suit. It was incumbent upon the plaintiff to establish the existence of the relation of landlord and tenant, else his action would fail. It needs no authorities to show that a defendant may disprove such relation by proving some other one that would entitle him to possession. It is not a defendant as such who is barred from denying a plaintiff's title, but it is a tenant who is not allowed to deny the landlord's title. The latter relation must exist to apply the rule. The plaintiff may allege that the defendant is a tenant and introduce evidence to prove it, but that is not conclusive upon the defendant. The latter may go forward and prove that he never was a tenant, but a purchaser or mortgagor in possession, for instance, and, for that reason, entitled to remain. This is so plain that the court must have ruled out the offer of defendants on the ground that the matters they wanted to prove had been adjudicated in the equity suit.

We need not determine whether these matters were *res adjudicata* in face of the fact that an appeal had been taken from the judgment. The plaintiff attempts to say that his rights under the lease and his right to possession were not adjudicated in the equity suit. The decree specifically names the lease and finds that it was what it purported to be; that it had expired and the Reitzes had no more rights thereunder; and adjudged that Humphreys was entitled to the immediate possession of the premises and ordered the Reitzes to vacate, and that if they did not do so in ten days an appropriate writ should issue.

It was thus made to appear by the plaintiff's own plea that his rights under the lease had been adjudicated as well as the rights of the defendants. He filed his answer in the equity suit before he brought his action for unlawful detainer. In this answer, not content with mere negation, he affirmatively pleaded his title through the quit-claim and sheriff's deeds, as well as the execution of the lease; alleged that these instruments were what they purported to be; that the Reitzes

went into possession under this lease as Humphreys' tenants; that the lease had expired; that written demand had been made for the possession; that he was entitled to immediate possession; that the tenants held over wrongfully and contrary to the terms of the lease and prayed for the possession and general relief. He thus invoked the jurisdiction of the court to completely determine the litigation in the equity suit. After doing this, he sought the aid of another court in this action between the same parties to obtain the relief that he had affirmatively submitted to the court in the equity suit. He persisted in the prosecution of both actions in the district court and after obtaining a judgment in one he used that judgment to obtain the same relief in the other, notwithstanding the judgment had been appealed from. The district court gave him, in this case, a judgment that he had already obtained in that court. Both cases came to this court for review and have been heard together. This court has reversed the judgment in the equity suit and remanded that action. If this court were now to affirm the judgment in the unlawful detainer suit on account of the former adjudication of the equity suit, it would place itself in the anomalous and unjustifiable position of rendering two judgments between the same parties on the same state of facts, one of which would nullify the other, and it would do this by virtue of a judgment which has been adjudged erroneous. The district court should have dismissed the unlawful detainer action, or abated it, until the final determination of the appeal, as asked by defendants, instead of rendering a judgment that was the same as the judgment appealed from.

While the distinctions between actions at law and suits in equity do not exist in this state, yet right principles are always applicable, and under all the circumstances of this case, this is a time for the application of the principle announced in the syllabus of *Quidnick Co. v. Chaffee*, 13 R. I. 367, as follows:

"When proceedings at law and in equity are pending between the same parties and for the same cause of action, the court, on motion, will compel an election of remedies; and when the equity proceedings have been carried to hearing and decree, the court, on motion, will enjoin the prosecution of the suits at law, and will order the discharge of any attachment made in them."

From the two records before us, it appears that every issue tendered in both can be determined, every right of each party adjusted, and every relief to which either party may be entitled can be given in the equity suit. If any amendment should be thought necessary to fully accomplish this it may be allowed. So that the further prosecution of the unlawful detainer action would be vexatious and serve no good or useful purpose.

The judgment of the district court is, therefore, reversed and the cause remanded with directions that the actions be dismissed.    .    .    *Reversed and Remanded.*

Mr. Justice Bailey and Mr. Justice Garrigues concur.