[No. 3434.]

EMPIRE RANCH AND CATTLE COMPANY, v.
CHAPIN, ET ALS.

1.    PLEADINGS—*Judgment on the Pleadings.*    Bill to quiet title. The answer denied both plaintiff's title and possession, and averred that "that whatever estate the defendant hath or asserts is based upon a certain treasurer's deed," alleging diverse fatal defects therein.    The replication denied every allegation of the answer except the allegation that plaintiff held the treasurer's deed described.    Held that inasmuch as both plaintiff's title and

possession was in issue his motion for judgment upon the pleadings was properly denied.

2. —— *Answer—Inconsistent Defenses.*   Bill to quiet title. Answer denying both plaintiff's title and possession and containing a cross-complaint alleging that plaintiff asserts title solely under a certain treasurer's deed, setting forth fatal defects therein.   The cross-complaint held not inconsistent with the answer.

3. STATUTE OF LIMITATIONS—*Pleading.*   Defendant who with full knowledge of all the facts, goes to trial without pleading the statute of limitations, waives the defense.   He may not present the defense by a supplemental answer tendered months after the trial.

4. APPEALS—*Presumptions.*   Where the evidence produced by the successful party is not preserved in the record its sufficiency will be presumed.

5. TAX TITLE—*Void Deed—Taxes Paid to Be Recovered.*   Where on bill to quiet title plaintiff claimed under a void tax deed the amount of taxes paid by him, and the interest and penalties prescribed by the statute should be ascertained by the court, and a decree in favor of defendant should be conditioned upon payment to the plaintiff of the amount so ascertained.

In an appeal from *a decree omitting this condition* the cause was remanded with directions to the court below to hear evidence, make the computation, and require payment of the amount within thirty days.

*Appeal from Denver County Court.*   HON. GRANT L. HUDSON, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. ISAAC PELTON, for appellee Bell.

CUNNINGHAM, Judge.

Appellant, hereinafter referred to as plaintiff, brought its action under the code to quiet title to certain lands in Arapahoe county, alleging absolute ownership and possession.   Appellee Bell, hereinafter referred to as defendant, was permitted to intervene, and by order of court was made a defend-

ant in the case. No appearance was entered by the other defendants. Bell filed his answer and cross-complaint. In his answer he denied plaintiff's ownership and possession; alleged fee simple title and possession in himself, and further alleged that "whatever estate, right, title or claim in or to said lands the plaintiff has or asserts, the same is based upon a certain treasurer's deed of record," giving book and page where the same was recorded. Defendant then proceeded to allege divers fatal defects in said treasurer's deed. In his cross-complaint Bell alleged title and possession in himself to the lands in question, plaintiff's wrongful assertion of title, and asked that his, defendant's title, be quieted as against the claims of plaintiff. Plaintiff replied, denying every allegation of the answer and cross-complaint, except that he admitted he was the holder of a treasurer's deed, and that the same was of record, as alleged. Thus it will be observed that plaintiff denied that his sole claim of title was based on the treasurer's deed.

1. At the trial, on the pleadings thus framed, plaintiff moved for a rule that the defendant held the affirmative and should proceed with his proof, plaintiff's theory being, apparently, that the defendant, by alleging that plaintiff held a tax deed of record, admitted title in it, unless the defects in the tax deed alleged in defendant's answer be established, and that the burden of establishing such defects was upon him who alleged them—the defendant. This motion of plaintiff was denied, and plaintiff was ordered to proceed with its proof, whereupon its counsel announced that, "plaintiff does not care to introduce any evidence, because the

defendant admits all that we can prove, we will, therefore, move the court for judgment'' on the pleadings.  Plaintiff's motion for judgment on the pleadings was overruled, and error is assigned to the ruling of the court in this behalf, and constitutes one of the important questions debated in the briefs. We think the action of the trial court in overruling plaintiff's motion for judgment on the pleadings was proper.  Nothing contained in defendant's answer admitted plaintiff's possession, and his answer, as we have pointed out, specifically denied that it had either title or possession, and alleged that he, the defendant, had both title and possession.  Both parties were before the court, each claiming title and possession to the land, and praying for an adjudication of the title.  Under such circumstances it was the manifest duty of the trial court to take the proof and thus determine the controversy.  23 Cyc. 769; 17 Enc. Pl. and Pr. 369; *Chester v. Field,* 87 Calif. 422; *Rice v. Bush,* 16 Colo. 488.

Moreover, defendant's allegation touching plaintiff's treasurer's deed, if a confession of title at all, was avoided by the further allegation of fatal defects in said deed.  This last plea, by way of confession and avoidance, if it may be so termed, was not inconsistent with the previous specific denial in the answer of title or possession in the plaintiff, or with the allegation by defendant of both title and possession in himself.  Certainly there was not such inconsistency in the answer as is opposed to any authority with which we are familiar.

2.  Plaintiff rested without making any offer to introduce its treasurer's deed, or any other muniment of title.  To sustain the allegations of his an-

swer and cross-complaint, defendant introduced four exhibits consisting of a patent from the government; a deed of trust from the original patentee; a mortgage bond executed by the patentee, and a trustee's deed running to the said defendant Bell. None of these exhibits were brought up by bill of exceptions or otherwise, hence we must assume they were sufficient to sustain the findings and decree, which were in favor of defendant.

3. More than three months after the date of the trial, and after the motion for a new trial had been denied, plaintiff, by leave of court, filed what it terms an amendment to its answer to defendant's cross-complaint, but which was in reality a supplemental answer, in which supplemental answer plaintiff sought, for the first time by plea, to invoke the provisions of the seven-year statute of limitations embodied in section 4090 R. S.

This amended answer to plaintiff's cross-complaint conclusively shows that every fact therein alleged must have been known to it more than two and one-half months before the case was called for trial. Having proceeded to trial with full knowledge of what the facts were, and without claiming the benefits of the statute, even if same were available and properly plead, it will be held to have waived same. But under the rule announced in *Hughes v. Webster,* 52 Colo. 475, 122 Pac. 789-791, the supplemental plea, even had the same been well pleaded and filed at the earliest possible date after the facts became known to the plaintiff, is insufficient on its face.

4. The decree rendered by the trial court does not provide for the repayment to appellant of the taxes paid out, and penalties incident thereto, nor

is there any finding showing the amount of such taxes and penalties. Appellee insists that the proof was not sufficient to warrant the repayment to appellee of any taxes that it had paid, and points out that a portion of these taxes were paid after the suit had been commenced, and hence was a voluntary payment. The action is, in its nature, distinctly equitable, and under the record before us, we think it was the duty of the trial judge to have ascertained the amount of taxes that had been paid by the appellant, together with the statutory interest and penalties, and to have made the decree which it rendered in favor of the defendant conditioned upon the payment to the plaintiff of the sum thus found due. The case is therefore remanded, with directions to the trial court to take such testimony as may be necessary to determine the amount of taxes that have been paid on the land by appellant, together with the statutory interest and penalties, and if appellee shall, within thirty days from the date of such finding by the trial court, pay the amount thus found due, then the judgment shall stand affirmed. Otherwise it will be reversed.

*Remanded with directions.*

Decided June 10, A. D. 1912. Rehearing denied October 14, A. D. 1912.