No. 10,522.

BIGGER *v.* DOUGHERTY.

Decided December 18, 1922.

Motion to dismiss on the ground of another suit pending. Motion granted.

*Reversed.*

*On Application for Supersedeas.*

1. .PROCEDURE—*Another Suit Pending—Chancery.* Where a court of chancery has acquired such jurisdiction over a case that it could retain it for the purpose of determining legal rights, it may control any law action involving the same rights by directing its suspension or enjoining the prosecution of it.

2. ABATEMENT—*Another Suit Pending—Motion.* The objection of another suit pending cannot be made by motion, but only by demurrer or answer.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. IRWIN & FRIEND, for plaintiff in error.

Mr. HENRY W. TOLL, Mr. C. RUSSELL SHETTERLY, Mr. O. OTTO MOORE, for defendant in error.

MR. JUSTICE DENISON delivered the opinion of the court.

BIGGER brought replevin against Dougherty for chattels which constituted the equipment of a restaurant. Dougherty moved to strike the case from the files and quash the writ on the ground that another suit was pending in the same court, and the motions were granted and the case dismissed. The facts are more fully stated in *People v. Morley, District Judge,* No. 10,521, decided herewith. Plaintiff brings error and asks for a supersedeas.

He claims that the defense of another suit pending is

in abatement and therefore can be shown only by answer and proof thereunder. He cites the code section 1, that the procedure shall be "as prescribed in this act"; section 56, that defendant may demur to the complaint where it shows, among other matters, another action pending; section 60, that if the complaint does not show it, the objection may be taken by answer; section 61, that if no such objection be taken by demurrer or answer, it shall be deemed to have been waived. He might also have cited section 53, "The mode of pleading  *  *  *  shall be as prescribed in this act and not otherwise."

The defendant in error claims that these sections are not absolute restrictions; that they are to be taken as pointing out a proper but not the only procedure. He claims that the common law permitted a motion in such case and he cites *Tingley v. Bateman,* 10 Mass. 343; *Guild v. Richardson,* 6 Pick. (Mass.) 364; *Gage v. Gannet,* 10 Mass. 176; *Ripley v. Warren,* 2 Pick. (Mass.) 591; *Carlisle v. Weston,* 21 Pick. (Mass.) 535; *Curd v. Lewis,* 1 Dana (Ky.), 351; and *Simonds v. Parker,* 1 Metc. (Mass.), 508. We have read and re-read these cases, and it seems to us that none of them supports the proposition to which they are cited, viz: that matter in abatement, of record in the same court, but not in the same case, may be availed of by motion. Both in the facts and in the statements in the opinions these cases seem to us merely to hold that the motion may be used where the matter in abatement appears in the record of the case itself. None of them involves the other question.

The common law practice was to plead the fact of another suit pending in the same court, and thereupon the plaintiff might plead *nul tiel record,* and conclude with a prayer for an inspection of the record, and plaintiff could fix a day not less than four from the issue for such trial by the record, or he might crave oyer of the record or a note of its place in the records, and, on failure of defendant to produce it, might sign judgment. Tidd's Prac. 742, 743, 744.

We must say then, that the common law was that the defense of another suit pending must be pleaded.

Where chancery had acquired such jurisdiction over a case that it could retain it for the purpose of determining legal rights, it controlled any law action involving the same rights by directing its suspension or enjoining the prosecution of it. A somewhat similar practice has been approved by this court in a case much like the present, *Reitze v. Humphreys*, 53 Colo. 171, 176, 177, 125 Pac. 522. See 1 C. J. 53. So it would seem that this replevin suit might have been controlled by an order in the equity case mentioned in the briefs, and might properly have been suspended until the equity case was ended, or perhaps it might have been dismissed, but since there is no bill of exceptions showing the evidence, and since the question was not properly before the court below, we cannot consider the propriety of its action.

If the sections of the code relied on by plaintiff in error are to be taken literally, his position is impregnable. The only answer to the argument is that they never have been taken literally in any jurisdiction where there is a code. For instance, the motion for judgment on the pleadings, common enough, is in defiance of the letter of these portions of the code, and there are many other examples. But here the code expressly provides that if matter in abatement, which does not appear on the face of the complaint is not brought up by answer it shall be deemed waived. How, in the face of this, can we permit the objection by motion?

In the case of judgment on the pleadings we do not go directly contrary to any code provision unless it be "not otherwise" in section 53, but here we are asked to let something be done in one way which is waived unless it be done in another. We cannot do so.

We can see no question of jurisdiction in the case but only of technical procedure; and we deem it better for all parties, since this is a mere question of procedure, to reverse the case now and avoid expense and delay.

Supersedeas denied, judgment reversed and cause remanded with directions to reinstate the case and proceed not inconsistently herewith.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER concur.