Merlyn LINDSAY and Eugenio A. Lindsay, Plaintiffs-Petitioners,

v.

DISTRICT COURT In and For the CITY and COUNTY OF DENVER, State of Colorado, and the Honorable John Brooks, Jr., one of the Judges thereof, Respondents,

and

Westmor Investment Corporation, a Colorado corporation; Equiplan, Inc., a Delaware corporation; and Walter McDonald, individually and as an officer and director of Westmor Investment Corporation, a Colorado corporation and of Equiplan, Inc., a Delaware corporation, Defendants-Respondents.

No. 84SA83.

Supreme Court of Colorado,
En Banc.

Jan. 14, 1985.

Arnold & Porter, Andre M. Reiman, Kelly, Haglund, Garnsey & Kahn, James W. Hubbell, Denver, for plaintiffs-petitioners.

Wagner & Waller, P.C., Kevin D. Allen, Englewood, for defendants-respondents.

ROVIRA, Justice.

We issued a rule to show cause why the respondent district court should not be prohibited from entering an order authorizing the issuance of a writ of restitution. We now make the rule absolute.

I.

From the abbreviated record available to us, the petition for prohibition, and the response to the petition, we glean the following facts which provide the background and basis for this opinion.

The petitioners purchased a home in the 1970's. In 1980 they were unable to meet their mortgage payments and respondent, Westmor Investment Corporation (Westmor), offered them a Homeowner's Assistance Program. Petitioners claim that as a result of their accepting this program, Westmor ended up with title to their home, their monthly "rental" payment to Westmor was twice the amount of their preexisting mortgage payments, and they could repurchase their home only if they reassumed the preexisting mortgage payments and paid a substantial sum of money to Westmor.

On August 4, 1982, Westmor filed an unlawful detainer action in the Denver County Court alleging that: it was the owner of the subject property; it had elected to terminate the petitioners' month-to-month tenancy on July 31, 1982; petitioners had failed to leave the premises, and such failure constituted an unlawful detention. On August 23, 1982, the day of the trial of the unlawful detainer action in the county court, the petitioners filed a complaint in the Denver District Court challenging the validity of their agreement with Westmor. In November of 1983, the unlawful detainer proceeding in the county court was terminated. Subsequently, Westmor answered the complaint and filed a counterclaim for possession of the premises.[1]

On September 3, 1982, Westmor filed a motion in the district court to set bond pursuant to section 13–40–114, 6 C.R.S. (1973) (Forcible Entry and Detainer).[2] Westmor alleges that it had requested the county court to require the petitioners to post a bond in an amount equal to the August rent and for rent due in September before transferring the case to the district court. It further alleges that the county court conditioned transfer to the district court on the posting by the petitioners of a cash bond in the amount of the September rent by September 1, or else trial would proceed in the county court on September 2. Westmor also alleges that the petitioners had posted a bond in the amount of $414, that the trial date in the county court was vacated, and that the matter was transferred to the district court.[3] Westmor claims that since no trial date had been set in the district court it would suffer irreparable damage if the petitioners failed to pay rent and that it was entitled to a bond "for the payment of such sums which

1. The parties did not provide this court with a copy of the complaint or answer and counterclaim. The petitioners state that Westmor "counterclaimed for possession of the petitioners' home." Westmor states it "alleged its unlawful detainer action as a counterclaim."

2. Section 13–40–114, 6 C.R.S. (1973), provides:
   **Delay in trial—undertaking.** If either party requests a delay in trial longer than five days, the court in its discretion may upon good cause shown require either of the parties to give bond in an amount to be fixed by the court for the payment to the opposite party of such sum as he may be damaged due to the delay, the bond to be secured by two or more sureties approved by the clerk of the court or one corporate surety authorized to do business in this state.

3. Neither the county court nor the district court has any record concerning a "transfer" of this case. The county court record shows that the case was dismissed in November 1983.

Westmor may be damaged due to the delay in the trial date."

At a hearing on Westmor's motion on September 23, 1982, no evidence was introduced. Westmor requested that the rental payment of $414 per month be continued until trial and that a writ of restitution enter on the premises if the payments were not made. Petitioners' counsel advised the court that there was a dispute as to whether the payments were rent or payments on the loan and stated: "What our concern is Mr. Allen [counsel for Westmor] is trying to condition the payment on some kind of issuance of a writ of restitution for which for all practical purposes—." The trial court responded, "No. I am not going to do that. If the case will have to be tried, it will have to wait the outcome of the trial, obviously." The trial court then stated, "So really, it is a stipulation that the plaintiffs will continue to make the monthly payments of $414 per month ... directly to the Defendants...."

Over a year later, in November 1983, Westmor filed a motion for entry of a writ of restitution pursuant to section 13–40–115, 6 C.R.S. (1973).[4] It alleged that pursuant to the trial court's order of September 23, 1982, petitioners were required to make monthly payments in order to remain in possession and they had failed to make two monthly payments. The motion was heard by the respondent trial court on February 15, 1984. After an off the record *in camera* hearing, the respondent trial court granted Westmor's motion. The court's ruling consisted of an abbreviated entry on the computerized case file, as follows:

"ORD: MOTN FOR WRIT OF RESTITUTION—GRNTD, WORD TO FOLLOW"[5]

Two days later, without a written order by the respondent court, the Clerk of the District Court signed a Writ of Restitution which had been submitted by Westmor. The writ referred to an order of possession obtained by Westmor and commanded the sheriff to dispossess the petitioners.

The petitioners immediately filed a Petition for Writ of Prohibition pursuant to C.A.R. 21. We issued a rule to show cause why the respondent trial court should not be prohibited from authorizing the issuance of a writ of restitution, and stayed all proceedings pending resolution of the issue.

## II.

The petitioners contend that the respondent court did not have jurisdiction to order a writ of restitution because there was no forcible entry and detainer (FED) action pending in the district court. Westmor contends that the proceeding in the district court was simply a continuation of the FED action.

---

**4.** Section 13–40–115, 6 C.R.S. (1973), provides:

**Judgment—writ of restitution.** (1) Upon the trial of any action under this article if service was had only by posting in accordance with section 13–40–112(2), and if the court finds the defendant has committed an unlawful detainer, the court shall enter judgment for the plaintiff to have restitution of the premises and shall issue a writ of restitution. The court may also continue the case for further hearing from time to time and may issue alias and pluries summons until personal service upon the defendant is had.

(2) Upon such trial or further hearing under this article after personal service is had upon the defendant in accordance with section 13–40–112(1), if the court or jury has not already tried the issue of unlawful detainer, it may do so, and if it finds the defendant has committed an unlawful detainer, the court shall enter judgment for the plaintiff to have restitution of the premises and shall issue a writ of restitution. In addition to such judgment for restitution, the court or jury shall further find the amount of rent, if any, due to the plaintiff from the defendant at the time of trial, the amount of damages, if any, sustained by the plaintiff to the time of the trial on account of the unlawful detention of the property by the defendant, and damages sustained by the plaintiff to the time of trial on account of injuries to the property, and judgment shall enter for such amounts, together with reasonable attorney's fees and costs, upon which judgment execution shall issue as in other civil actions. Nothing in this section shall be construed to permit the entry of judgment in excess of the jurisdictional limit of the court.

**5.** The English translation of these words is, "Order: Motion for Writ of Restitution—Granted, Written Order to Follow."

While the genesis of the district court case was an unlawful detainer action, the complaint expanded the issues and challenged the entire transaction on a number of grounds. Petitioners contend that the transaction is not a sale and leaseback, but is a secured loan under the equitable mortgage doctrine. Westmor characterizes the petitioners' complaint as a quiet title action to the premises. Thus, both parties recognize the petitioners' suit as one in equity. *See Empire Ranch & Cattle Co. v. Chapin*, 22 Colo.App. 538, 126 P. 1107 (1912) (quiet title action is distinctly equitable in nature); 74 C.J.S. *Quieting Title* § 1 (1951) (quiet title actions are equitable in nature).

■ We agree with the petitioners that the action pending in the district court places in issue the entire transaction between them and Westmor. The complaint and counterclaim call for resolution of the basic question of who is the owner of the property and whether the transaction was fraudulent in character. The court's resolution of this action will in the final analysis decide whether the petitioners are tenants subject to being evicted, or owners subject to foreclosure proceedings. Under these circumstances, the respondent court should have tried petitioners' claims first and resolved Westmor's claim to possession in the context of that suit. *Reitze v. Humphreys*, 53 Colo. 171, 125 P. 522 (1912).

The facts in *Reitze*[6] are similar to the facts in the present case. Reitze had encountered financial difficulties and borrowed money from Humphreys to save his home from pending foreclosure proceedings. Pursuant to the loan, a certificate of sale was assigned to Humphreys and he received a sheriff's deed. Reitze signed a lease and received an option to repurchase the property. Reitze failed to make payments and Humphreys filed an action of unlawful detainer. The court found in favor of Humphreys, and while an appeal of this decision was pending, Reitze filed an equitable suit in the district court alleging that the relationship between the parties was mortgagor and mortgagee, not landlord and tenant. The court found for Humphreys, and Reitze appealed. The equity and law suits were consolidated on appeal. This court reversed the equity decision, stating that the court erred in its findings as to the true relationship of the parties. *Reitze*, 53 Colo. 177, 125 P. 518 (1912). Concerning the unlawful detainer action, this court reversed and remanded with directions that the action be dismissed, stating: "[I]t appears that every issue tendered in both [cases] can be determined, every right of each party adjusted, and every relief to which either party may be entitled can be given in the equity suit." *Reitze*, 53 Colo. 171, 177, 125 P. 522, 524.

■ *Reitze* leads us to the conclusion that the petitioners' suit in the district court is capable of resolving all the issues between the parties, giving effect to their rights and granting appropriate relief. Thus, it is unnecessary to determine whether or not there was an FED action pending in the district court. If there was not, a writ of restitution should not have issued. If there was, a writ of restitution should not have been issued until a decision on all the issues in controversy.

Rule made absolute.

NEIGHBORS, J., specially concurs.

NEIGHBORS, Justice, specially concurring:

I agree with the court's opinion that the respondent judge had no basis upon which to issue a writ of restitution because no determination had been made as to the legal relationship between the parties and which of them was entitled to possession of the premises. I write separately only to express my view that it would be a serious misreading of the opinion to conclude that the court has made any decision concerning the applicability of the bond provision, section 13–40–114, 6 C.R.S. (1973), to the

6. Our discussion of *Reitze* is based upon two consolidated cases, announced in separate opinions. *Reitze v. Humphreys*, 53 Colo. 177, 125 P. 518 (1912); *Reitze v. Humphreys*, 53 Colo. 171, 125 P. 522 (1912).

unique facts of this case. The issue decided by the court in this case is a narrow one. I do not understand the opinion as addressing the questions of whether Westmor is entitled to request that the trial court order the Lindsays to post a bond under the statute; and, if the court exercises its discretion in favor of ordering such an undertaking, what remedies, if any, are available to Westmor under the forcible entry and detainer statute, section 13–40–101 to –123, 6 C.R.S. (1973), if the Lindsays fail to comply with the court's order.