WILLIAM S. GIBBS, Responaent, v. J. C. SULLENS, Appellant.

1. *Ejectment, by vendor against vendee — Latter must show payment of purchase money.* — When a party goes into possession under a contract of purchase, and makes default, he is liable to be turned out in an action of ejectment. And in such action by the vendor against the vendee, the latter can only defend his possession by showing a performance of the contract on his part, and that he is not in default.

*Appeal from Morgan Circuit Court.*

*J. C. Campbell & Pemberton*, for appellant.

Defendant cannot be ejected after he has laid out his money on the contract. It would work a fraud upon him. (25 Mo. 63 ; 23 Mo. 423.) There was part performance of the verbal contract, and it ought to be enforced entire. (28 Mo. 134, 604 ; 35 Mo. 316.)

The payments made to plaintiff the law required to be applied to the individual indebtedness in the absence of directions to the contrary. There is no evidence that defendant knew that plaintiff was a member of the firm, or that defendant was indebted to it. (2 Pars. Cont. 631–4, and notes.)

*A. W. Anthony*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

This is an action of ejectment. The defendant relies upon an equitable defense. His answer sets out, in substance, that the defendant is in possession of the premises sued for, as the plaintiff's vendee under a contract of purchase, and that the purchase

money has been fully paid. He asks that the title may be decreed to him. The averments of the answer were put in issue by a replication.

The questions discussed here arise upon the action of the court in giving and refusing instructions. On the main issue the jury were told, in effect, that their verdict should be for the defendant in case they found from the evidence the existence of the alleged contract of purchase, and that the defendant had either "paid some considerable portion of the purchase money, or had made such valuable and lasting improvements on the premises as would work materially to his injury if he should be ejected." This was certainly sufficiently favorable to the defendant. The theory of his answer is that the purchase money was paid in full, and that the plaintiff was, in consequence of that fact, bound to convey. If he had neither paid any considerable part of the contract price, nor made such valuable and lasting improvements upon the property that his ejectment would work material injury to him, what pretense can there be that the defense was made out? There is no claim set up that the time in which the payments were to be made had not fully elapsed. The contract of purchase was made in 1867, and the plaintiff testifies, and on that point is not contradicted, that the payments were to be made within one year from the making of the contract. Where a party goes into possession under a contract of purchase, and makes default, he is liable to be turned out by an ejectment. In such an action by the vendor against the vendee, the latter can alone defend his possession by showing a performance of the contract on his part, and that he is not in default. (Glascock v. Robards, 14 Mo. 350 ; Tyler on Eject. 565.)

The defendant based his right of possession solely upon the ground of his purchase and equitable ownership. The instruction, therefore, in relation to the supposed tenancy, was properly refused. Besides, it is perfectly apparent that the parties did not regard themselves as standing in relation to each other as landlord and tenant. The defendant himself denies any contract of renting. According to the defendant's testimony — and there is no controversy on that point — the alleged contract of purchase was made in 1867.

The main items set out in his answer as applicable in the way of payment to the purchase money, accrued, as the answer shows, in 1866, and therefore before the purchase. These items were credited by the plaintiff to the defendant on the books of Gibbs & Wilson, the plaintiff being the senior member of that firm. The items amount in the aggregate to $415.60. The plaintiff testified, and therein was not contradicted, that he advanced to the defendant $300 in 1866, which was entered on Gibbs & Wilson's books, and that Gibbs & Wilson had a further account with the defendant, and that in an adjustment of the accounts there was a balance against the defendant, leaving nothing to apply on account of the purchase. A question is here raised as to the application of payments. The defendant gave no directions on that subject. He asked the court to instruct the jury as follows: "If Sullens was indebted to Gibbs on account of the lots in controversy, and was also indebted to Gibbs & Wilson on account, and during such indebtedness paid *money* to Gibbs without instructions to apply such payments to the account of Gibbs & Wilson, then such application was unauthorized, and the jury will regard such payments as made to Gibbs on his individual account against Sullens." The instruction is misleading if not otherwise objectionable. The jury might well have interpreted it as directing them to apply the "money" payments to the purchase money, leaving out of view the $300 loan by the plaintiff, and leaving out of view also the fact that no money was paid to the plaintiff after the purchase. The prior money payments should undoubtedly be applied to the liquidation of the prior money loan. The evidence is that the $300 was loaned by Gibbs and not by the firm of which he was a member. The mere entry of it upon the firm books did not make it a firm transaction. The result of the whole matter is that the defendant's equitable defense does not appear to have much equity in it.

The judgment will be affirmed. The other judges concur.