FULKERSON, *Appellant*, v. BROWNLEE.

**Adverse Possession:** PRINCIPAL AND SURETY. A sold a tract of land to B, from whom it passed by mesne conveyances to the defendant, who took possession. The sale to B was on credit, B giving his bond for the purchase money with plaintiff as surety. Plaintiff being compelled to pay the bond, took a conveyance of the land from A, and brought this suit to recover possession. Defendant relied on the statute of limitations, *Held,* that the possession of B, and of the defendant under him, was subordinate to the rights of A, and in the absence of evidence to show that it ever assumed a hostile character, the statute never commenced to run. Plaintiff was, therefore, entitled to recover; but upon refunding to the plaintiff the amount of the purchase money, defendant could retain the land.

*Appeal from Johnson Circuit Court.*—HON. F. P. WRIGHT, Judge.

*S. S. Sparks* for appellant.

*John J. Cockrell* for respondent.

HOUGH, J.—This was an action of ejectment instituted September 14th, 1874. On the 4th day of February, 1856, the county of Johnson sold the land in controversy as swamp land, on a credit of twelve months, to J. V. Cockrell, who executed a bond therefor, with the plaintiff as surety. On December 16th, 1858, Cockrell conveyed said land to one Carley, from whom, through sundry mesne conveyances, and a conveyance to himself dated May 9th, 1870, the defendant claims title. Cockrell made default in the payment of his bond. On the 22nd day of February, 1871, the plaintiff, as surety for said Cockrell, with knowledge of the defendant's purchase and possession, paid to the county of Johnson the purchase money and interest, and received from the county a deed to the land sued for. The defendant relied upon the statute of limitations. There was testimony tending to show that prior to the payment by plaintiff of the bond on which he was surety,

he notified the defendant that the purchase money had not been paid, and requested him to pay the same and relieve plaintiff of his liability as surety, which defendant refused to do. The circuit court held that the plaintiff was barred by the statute, and could not, therefore, recover.

The purchase money never having been paid by Cockrell, he and all the grantees under him, including the defendant, took and held possession of the land sued for, in subordination to the right of the county, and we find nothing in the record which will warrant us in holding that such possession ever assumed a hostile or adverse character. *Hamilton v. Boggess*, 63 Mo. 233; *Budd v. Collins, ante,* p. 129. After default in the payment of the purchase money, and refusal to pay, the county could have maintained ejectment. *Gibbs v. Sullens,* 48 Mo. 237; *Glascock v. Robards,* 14 Mo. 350; *Wright v. Moore,* 21 Wend. 230; *Powers v. Ingraham,* 3 Barb. 576; *Pierce v. Tuttle,* 53 Barb. 155. The county having transferred the legal title to the plaintiff, on the payment of the purchase money by him as surety, it would seem that his right should be equal to that of the county. *Furnald v. Bank,* 44 Mo. 336. We are of opinion, therefore, that the plaintiff can recover in ejectment, unless the defendant refunds to him the purchase money so paid. *Vide, Ellsworth v. Lockwood,* 42 N. Y. 89. All concur. Judgment reversed and cause remanded.

REVERSED.