## J. W. SMITH v. SMITH & WALKER.

### No. 7077.

1. **Trust — Rent Contract.** — The rule that denies to a tenant when he is once proved to be such the right to dispute his landlord's title can not be so extended as to take away from him the right to prove exactly what his relationship to the landlord originally was. The rule should not be so applied as to deprive a party who conveys land by a deed of the right to show the true consideration, and that it was intended to operate only as a mortgage, or that it was made upon specific trusts.

2. **Same—Case in Judgment.**—A defendant in suit upon an obligation to pay rent pleaded and offered testimony to prove that the lease contract sued on was a part of a transaction wherein the defendant had conveyed the land to the plaintiffs in trust to secure them upon a note on which they were sureties of defendant, and that the land had been sold and the trust satisfied, leaving a balance due the defendant. It was error to exclude testimony to show these facts, and if proved defendant was entitled to recover the balance in hands of the plaintiffs.

ERROR from Johnson. Tried below before Hon. J. M. Hall.

The opinion states the case.

*M. A. Oates* and *E. W. Jordan,* for plaintiff in error.—1. In this State a trust may be shown on a deed absolute by parol.

2. A tenant renting from one holding in trust may plead the trust, if it terminates during his term, as a defense against the suit for rent by the naked trustee holding the legal title seeking to collect the rent for his own use and benefit, when the tenant himself is entitled to what remains after the trust has been executed and the same has been fully executed. Clark v. Haney, 62 Texas, 511; Eylar v. Eylar, 60 Texas, 315; Johnson v. Doss, 1 Texas Ct. App., 1075; Owens v. Prather, Id., 1131; Brown v. Engel, 2 Texas Ct. App., 103.

*Poindexter & Padelford,* for defendants in error.—1. The court did not err in refusing to permit plaintiff Walker to answer the question propounded to him by plaintiff, because the answer to same would have been irrelevant and did not tend to prove anything in this case. Matthews v. State, 44 Texas, 376; Styles v. Gray, 10 Texas, 503; Brothers v. Mundell, Munzesheim & Co., 60 Texas, 240.

2. The law will not permit a tenant to deny the title of his landlord —that is, the tenant is estopped from denying the existence of the relation of landlord and tenant when such relationship is established by a plain contract and especially when that contract is in writing. Wood Land. and Ten., secs. 235, 236; Baker v. Noll, 59 Mo., 265; Tillotson v. Kennedy, 5 Ala., 407; Whaley v. Whaley, 1 Spears. L. (S. C.), 225; Tyler v. Davis, 61 Texas, 674; Allen v. Thompson, 2 Ct. App. C. C., p. 89, sec. 106.

HENRY, ASSOCIATE JUSTICE.—This suit was instituted by the appellees to recover the amount named in the following agreement:

"DECEMBER 23, 1884.

"Know all men by these presents that we, Thomas Smith and Phil. Walker, have this day rented to J. W. Smith 120 acres of land, more or less, for $250, seven miles west of Cleburne; said crops now planted and to be planted on said land to be held and controlled by said Smith and Walker until said rents are fully satisfied.

[Signed]                          "THOMAS SMITH,
                                  "PHIL. WALKER,
                                  "J. W. SMITH."

The cause was transferred from the County to the District Court, and plaintiffs charge in their petition that it was commenced on the 7th day of August, 1885, by their suing out a distress warrant before a justice of the peace. The record does not contain any evidence of such proceedings having been had otherwise than by occasional general allusions to them and by the foreclosure of a lien so originating in the final judgment.

The defendant answered by exceptions and a general denial, and specially pleaded as follows: "That on the 20th day of October, 1883, plaintiffs were defendant's sureties to G. W. Bonner on a note for $550, and defendant then being the owner of the tract of land described in plaintiffs' petition, he, by deed of that date, transferred said land to plaintiffs; that notwithstanding the deed appeared upon its face to be an absolute transfer of the title, it was in fact made for no other consideration or purpose than that the land conveyed might be sold and the proceeds of the sale applied to the payment of said note to Bonner, with remainder to defendant, thereby securing plaintiffs as sureties as aforesaid; that no other consideration whatever passed to defendant, and it was never understood or intended to be an individual transfer of the fee, but only as a mortgage or to be held in trust for the payment of said note to Bonner; that the note sued upon was a part and parcel of said contract upon the same consideration and for the same purpose; that when a purchaser could be found only enough of the purchase money and the rents then accrued to pay off said note to Bonner were to go to plaintiff, that the remainder was to go to and be the property of the defendant, and that on the —— day of ——, 1885, plaintiffs bargained said land to one Antony for $1500 and collected the money, and after paying the balance due thereon as purchase money and the said Bonner note, an accounting was had between plaintiffs and defendant, in which it was ascertained that plaintiffs were indebted to defendant in a balance of $83 on account of said transactions."

Upon the trial the defendant asked one of the plaintiffs who was being examined as a witness "if witness and his coplaintiff were not sureties on a note of defendant to Bonner for $550."

Plaintiffs objected to the question, because it was asked "for the purpose of proving that defendant was not a tenant of plaintiffs as pleaded by defendant, and because the testimony was immaterial and did not tend to prove any issue in the cause."

It was explained by defendant's counsel that the question was asked "to prove that defendant deeded the land, for the rent of which the note in suit was given, so that plaintiff might sell it and pay off the note, and that the deed for the land was in fact only a mortgage;" and the defendant further stated, in connection with his offer of the evidence, "that the land was sold before the distress proceedings were begun, and that the debt to Bonner had been paid, leaving a balance of $83 still owing to defendant."

The court excluded the evidence. The answer stated facts explaining the true consideration and purposes of the deed, and which, if true, charged plaintiffs with trusts which they can not be permitted to escape from discharging by reason of the form of the transaction.

The rule that denies to a tenant when he is once proved to be such the right to dispute his landlord's title can not be so extended as to take away from him the right to prove exactly what his relationship to the party claiming to be his landlord originally was. Certainly that rule should not be so applied as to deprive a party who conveys land by a deed of the right to show the true consideration, and that it was intended to operate only as a mortgage, or that it was made upon specified trusts.

If the defendant can prove that the deed and the rent obligation were made upon the consideration and for the purposes alleged in his answer, and that the land was sold by plaintiffs, and that after the appropriation of the proceeds as agreed upon there was a balance coming to the defendant, or if the evidence shows that the trusts for which the land was conveyed had been discharged or could be discharged by the proceeds arising from the sale of the land, plaintiffs would not be entitled to a recovery upon the rent obligation; but upon the contrary the defendant would be entitled to have judgment upon his counter-claim for any sum remaining of the proceeds of the sale after the discharge of the prior trusts. Clark v. Haney, 62 Texas, 511.

The objection that the suit was prematurely brought, because the rent was not due when the proceedings were begun, can not be maintained.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered May 12, 1891.