[No. 2157]

## MARIA YORI, RESPONDENT, *v.* GEORGE S. PHENIX, APPELLANT.

[149 Pac. 180]

1. MORTGAGES—DEED ABSOLUTE IN FORM.

   Under civil practice act, sec. 576 (Rev. Laws, sec. 5518), providing that a mortgage shall not be deemed a conveyance, so as to enable the owner of the mortgage to take possession without foreclosure and sale, a deed absolute in form, but given as security for a debt, is a mortgage, and will be regarded in equity as such; a "mortgage" not being an alienation, but mere security for a debt.

2. LANDLORD AND TENANT — UNLAWFUL DETAINER — ACTIONS — DEFENSES.

   Under Const. art. 6, sec. 14, declaring that there shall be but one form of civil action, in which law and equity may be administered, and civil practice act, sec. 1 (Rev. Laws, sec. 4943), providing that there shall be but one form of civil action for the enforcement or protection of private rights, and section 559 (section 5501), providing that there shall be but one action for the recovery of any debt or the enforcement of any right secured by a mortgage or lien, and section 576 (section 5518), declaring that a mortgage shall not be deemed a conveyance, and section 661 (section 5603), declaring that the provisions of this act relative to civil actions, appeals, and new trials shall apply to proceedings in forcible entry and detainer, a defendant in an action under section 646 (section 5588), for unlawful detainer may show the nonexistence of the relation of landlord and tenant essential to the maintenance of the action, and may show that an instrument in form a lease was a part of another instrument. and that the two constituted a mortgage, and thereby defeat the action.

3. LANDLORD AND TENANT—UNLAWFUL DETAINER—STATUTORY PROVISIONS.

   The purpose of the unlawful detainer statutes is to afford a summary remedy to landlords where the relationship of landlord and tenant exists, and a mere *prima facie* showing of the existence of the relation does not preclude defendant from showing facts establishing the nonexistence of the relation.

4. LANDLORD AND TENANT—DISPUTING LANDLORD'S TITLE—UNLAWFUL DETAINER—DEFENSES.

   The rule that a tenant cannot dispute his landlord's title does not apply to a defendant in unlawful detainer, seeking to show the nonexistence of the relation of landlord and tenant.

APPEAL from Second Judicial District Court, Washoe County; *A. N. Salisbury*, Judge.

Action by Maria Yori against George S. Phenix.   From

a judgment for plaintiff, defendant appeals.   **Reversed,** and remanded for new trial.

*Harwood & Springmeyer,* for Appellant.

The underlying principle in forcible entry, regardless of the rights of the parties, is preservation of peace and good order; in unlawful detainer, the right of possession is the very thing to be litigated. (13 Am. & Eng. Ency. Law, 2d ed. 753, 756; *Beck* v. *Glenn,* 69 Ala. 121; *Doty* v. *Burdick,* 83 Ill. 473; *Rabe* v. *Eyler,* 48 Am. Dec. 763; *Forsythe* v. *Bullocks,* 74 N. C. 135; 19 Cyc. 1145, 1164; Taylor, Landlord and Tenant, pars. 707, 717; *Lachman* v. *Barnett,* 16 Nev. 154; *Fitchett* v. *Henley,* 31 Nev. 326.)

The California cases relied upon by the trial court are not authority.   (*Bostick* v. *Mahoney,* 74 Cal. 239; *Knowles* v. *Murphy,* 107 Cal. 107; *Fish* v. *Benson,* 71 Cal. 437; Rev. Laws, sec. 5501; *Peralta* v. *Ginochio,* 47 Cal. 259.)

There is no estoppel where the relation of landlord and tenant is denied.   (*Franklin* v. *Merida,* 35 Cal. 558; *Smith* v. *Smith,* 16 S. W. 637.)

Enacting of express statute in some states does not affect the rule of pleading and proof.   (N. Y. Code C. C., sec. 2245; Rev. Laws, sec. 5595; *Johnson* v. *Chely,* 43 Cal. 299; *Reitze* v. *Humphreys,* 125 Pac. 522; *Hamill* v. *Bank,* 45 Pac. 411; *Brown* v. *Burdick,* 25 Pa. St. 260; *Mattox* v. *Helm,* 15 Am. Dec. 64.)

Nevada is not bound by California construction of the unlawful detainer act.   (36 Cyc. 1156; *Oleson* v. *Wilson,* 53 Pac. 372, 63 Am. St. Rep. 639.)

The district court was without jurisdiction, as is this court.   (*McDonald* v. *Stiles,* 54 Pac. 487.)

The rule that the tenant cannot deny his landlord's title, taken at its face value, is supported by many authorities, but it is qualified, at least in some jurisdictions, to the effect that where the tenant did not acquire possession by virtue of the lease, he may deny the landlord's title.   (*Johnson* v. *Chely,* 43 Cal. 299; *Tewksbury* v. *Magraff,* 33 Cal. 237; *Franklin* v. *Merida,* 35 Cal. 558.)

*Charles H. Burritt* and *Summerfield & Richards*, for Respondent:

A person who, while in possession of real estate, executes a statutory deed of warranty to another, and still remains in possession, even without a lease, holds possession for the grantee, becomes a tenant at the will of the grantee, and is estopped by his deed from setting up an independent title in himself. (*Blake* v. *O'Neal*, 16 L. R. A. n. s. 1147.)

Unlawful detainer in Nevada is a summary proceeding, taking the place of an action of ejectment, abolished as between landlord and tenant. In case of a written lease, and in the absence of allegations of fraud, mistake, etc., in the procurement and execution of the lease, the only questions to be litigated are: Was the lease executed? Has the term expired? Does the lessee hold over against the will of the lessor and after demand for possession made and refused? (24 Cyc. 1418.)

In an action under our unlawful detainer statute, equitable defenses cannot be pleaded or introduced. (*Perkins* v. *Barnes*, 3 Nev. 357; *Lucich* v. *Medin*, 3 Nev. 99; *Brady* v. *Husby*, 21 Nev. 433; *South End M. Co.* v. *Tinney*, 22 Nev. 19.)

In unlawful detainer, equitable defenses cannot be pleaded or introduced. In suits between landlord and tenant, claim that deed given was intended as a mortgage is an equitable defense, and cannot be pleaded or introduced as a defense in unlawful detainer proceedings. The defendant in such cases must resort to another and independent suit. (24 Cyc. 1423; *Cottrell* v. *Moran*, 138 Mich. 410; 32 Cent. Dig. secs. 1211–1276; *Felton* v. *Millard*, 61 Cal. 540; *Knowles* v. *Murphy*, 107 Cal. 107; Rev. Laws, sec. 5514.)

Title, or right of possession under color of title, cannot be tried under our statutes in actions of unlawful detainer between landlord and tenant. (*Peacock* v. *Leonard*, 6 Nev. 84; *Lachman* v. *Barrett*, 16 Nev. 154; *Paul* v. *Armstrong*, 1 Nev. 70; *Hoopes* v. *Meyer*, 1 Nev. 336;

*Schroeder* v. *Franklin*, 10 Nev. 355; *Fitchett* v. *Henley*, 31 Nev. 129; *Phenix* v. *Bijelich*, 30 Nev. 259.)

Appellant is estopped from denying respondent's title. The general doctrine of estoppel applies fully to the case at bar. (24 Cyc. 881–949; 17 Cyc. 622, *et seq.; Hatwell* v. *Black*, 48 Ill. 301; *Stewart* v. *Murray*, 13 Minn. 426; *Sawyer* v. *Sargent*, 7 Pac. 120; *Tilyon* v. *Reynolds*, 108 N. Y. 558; Bigelow on Estoppel, 6th ed. 547–553; Jones on Landlord and Tenant, secs. 682–697; Jones on Evidence, sec. 284.)

Upon a review of the pleadings and evidence, the attempt of the appellant to repudiate the relation of landlord, which, admitting the execution of the lease, in the absence of pleading fraud in its procurement and execution, precludes the additional matter pleaded as a defense, and renders his attempted denial of the relation of landlord and tenant under his written lease noneffective. Attempt to deny by parol the effect of the lease cannot be allowed in this action of unlawful detainer, and there are no facts stated in the answer upon which to base defendant's claim of ownership and title of the demised premises. (*Hoopes* v. *Meyer*, 1 Nev. 366; *Fitton* v. *Hamilton City*, 6 Nev. 519; *Lachman* v. *Barrett*, 16 Nev. 154; *Fitchett* v. *Henley*, 31 Nev. 326; *Felton* v. *Millard*, 81 Cal. 540; *Knowles* v. *Murphy*, 107 Cal. 107; *Bingham* v. *Thompson*, 4 Nev. 240; *Pierce* v. *Traver*, 3 Nev. 531.)

The quit-claim deed of August 11, 1913, from defendant to plaintiff, purporting to convey the premises demised in the lease of the same date from plaintiff to defendant, was an offer of the defendant, upon the presentation of his proof, and was properly excluded. (*Felton* v. *Millard*, 81 Cal. 540; *Knowles* v. *Murphy*, 107 Cal. 107.)

By the Court, Norcross, C. J.:

This is an action for the restitution of certain real property in the county of Washoe, alleged in the complaint to have been leased by respondent to appellant. The answer denied that the appellant entered or was in possession of the property under and by virtue of a lease.

For a further and separate defense to the cause of action alleged in respondent's complaint, appellant alleged that a certain instrument, in form a lease, in which the respondent was named as lessor and the appellant as lessee, was in fact a part of a transaction in which the appellant executed a deed for the premises in controversy to the respondent and the respondent executed the lease in question to appellant; that the said instruments constituted security for money loaned, and were in fact and in legal effect a mortgage; that the relation of landlord and tenant did not exist between respondent and appellant. Upon the trial the court refused to permit appellant to offer proof to establish the defense set up in his answer. Judgment was entered for the plaintiff, and defendant appeals.

[1-2] The question presented for determination, which is of first impression in this court, goes to the correctness of the ruling of the trial court in refusing to entertain proof of the allegations contained in defendant's answer. The action is brought under the provisions of our civil practice act, which in section 646 (Rev. Laws, sec. 5588) provides:

"A tenant of real property for a term less than life, is guilty of     *     *     *     unlawful detainer," under certain enumerated conditions thereafter specified.

It is contended by counsel for respondent, and it was so held by the court below, that title to property cannot be determined in an action in unlawful detainer. Authorities are cited, particularly from California, holding that a defense such as was sought to be interposed in the case at bar will not be considered in such an action. While entertaining the highest respect for the decisions of our sister state, California, we are not persuaded, upon an examination of those authorities, that they are founded upon sound reasoning. What is known as an action in unlawful detainer, designed to afford to a landlord a summary remedy for the recovery of demised premises, was unknown to the common law. (Taylor, Landlord and Tenant, sec. 713.) In the common-law actions of forcible

entry and forcible detainer, it has universally been held that title to property cannot be an issue in such actions. Those actions were designed to maintain the peace and afford a remedy even against an owner who acquired possession of property by force. Force is the gist of the action in forcible entry or forcible detainer. Such is not the case in the summary remedy provided by statute to aid a landlord where the tenant is guilty of acts constituting what is styled "an unlawful detainer." An action for unlawful detainer may only be maintained under our statute where the relationship of landlord and tenant exists or existed between the parties. No good reason suggests itself why proof of a state of facts, showing the nonexistence of such relation, may not be pleaded and shown as a defense, even though such pleading and proof may incidentally involve the question of title.

By section 559 of the civil practice act (Rev. Laws, sec. 5501) it is provided:

"There shall be but one action for the recovery of any debt, or for the enforcement of any right secured by mortgage or lien upon real estate, or personal property, which action shall be in accordance with the provisions of this chapter."

By section 576 of the civil practice act (Rev. Laws, sec. 5518) it is provided:

"A mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to take possession of the real property without a foreclosure and sale."

Under the provisions of this last-mentioned section, this court has repeatedly held that a deed absolute in form, but given as security for a debt, was in fact a mortgage, and would be regarded in equity as such. In *Orr* v. *Ulyatt*, 23 Nev. 134, 140, 43 Pac. 916, this court, construing the section last mentioned, held that "a mortgage is not an alienation, but mere security for a debt." If the relationship between the parties was in fact that of mortgagor and mortgagee, then the relationship of landlord and tenant could not be held to exist. In such case, respondent would be limited to the remedy of foreclosure

prescribed in section 559 of the civil practice act, *supra.* There are cases holding that, where such a state of facts exists as is alleged in the appellant's answer, the defendant may not set up his equitable defense in the action for unlawful detainer, but may in a separate action enjoin the plaintiff from proceeding in the action for unlawful detainer until such equitable defense is established in the subsequent proceeding. We cannot conceive of any good reason why the parties should be put to the delay and expense of another proceeding in order to determine the question of whether a deed is in fact given as security for a debt and should be treated in equity as a mortgage. Section 661 of the civil practice act, which is part of "Chapter 65, Forcible Entry and Detainer," provides:

"The provisions of this act, relative to civil actions, appeals, and new trials, so far as they are not inconsistent with the provisions of this chapter, apply to the proceedings mentioned in this chapter."

A section of the chapter prescribes what may be set up in the pleadings where the action is in forcible entry or forcible detainer, but no specific reference whatever is made to any limitations as to pleadings in actions for unlawful detainer.

Section 14 of article 6 of the state constitution (Rev. Laws, sec. 329) provides:

"There shall be but one form of civil action, and law and equity may be administered in the same action."

The first section of our civil practice act (Rev. Laws, sec. 4943) provides:

"There shall be in this state but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs."

There is nothing in the nature of the action of unlawful detainer inconsistent with the application of the general provisions of the civil practice act, which permits any defense, whether legal or equitable, to be interposed in civil actions generally. As said in Taylor's Landlord and Tenant, sec. 720:

"The statute applies only to cases where the conventional relation of landlord and tenant subsists, and not

where it is created by mere operation of law.  *  *  *
But where the case made by the affidavit of the claimant
showed that the alleged tenant had conveyed the premises
to the party who instituted the proceedings, stipulating
that he should retain possession until a certain period,
and stated that he held over and continued in possession,
although that period had elapsed, and had received a
month's notice to quit, it was held that these facts did
not constitute a tenancy within the statute, and that
the officer had no jurisdiction.  For a similar reason, a
mortgagor cannot be turned out of possession of the mort-
gaged premises under this statute, for a mortgagor is not
a tenant.  *  *  *"

See, also, *Hamill* v. *Bank of Clear Creek Co.*, 22 Colo.
384, 45 Pac. 411; *Reitze* v. *Humphreys*, 53 Colo. 171, 125
Pac. 522.

If the transaction between appellant and respondent
would in equity constitute a mortgage, but it should be
held that appellant could not be heard to show the true
relation of the parties as a defense to the action in
unlawful detainer, then we would have the appellant, as
mortgagor, being dispossessed by the mortgagee upon
the theory that the relationship of landlord and tenant
existed between them, after which, in a separate action,
in which the true relation of the parties could be shown,
the respondent would be in turn dispossessed and the
appellant restored to possession.  After these two suits,
fruitless of results, were concluded, the mortgagor would
be relegated to his one real remedy of foreclosure.

[3] The purpose of the unlawful detainer statutes was
to afford a summary remedy to landlords, where the true
relationship of landlord and tenant existed.  That rela-
tionship is the very foundation of the action, and it ought
not, we think, be held that a mere *prima facie* showing
that the relation exists precludes the defendant from
showing other facts which would establish the non-
existence of such relation.

[4] It is sought to here apply the well-established rule
that a tenant cannot dispute his landlord's title; but that

rule can have no application where the relationship of landlord and tenant is not admitted, but is the very issue in the case. (*Franklin* v. *Merida*, 35 Cal. 558, 95 Am. Dec. 129; *Smith* v. *Smith*, 81 Tex. 45, 16 S. W. 637; *Reitze* v. *Humphreys, supra.*)

Judgment reversed, and cause remanded for a new trial.