(No. 13038.—Decree affirmed.)

HENRY MAHANNAH, Appellant, *vs.* CHARLES MAHANNAH *et al.* Appellees.

*Opinion filed February 18, 1920—Rehearing denied April 9, 1920.*

1. RES JUDICATA—*fact adjudicated in former suit is conclusive in subsequent suit between same parties.* The determination of a fact properly presented and relied on in a former suit is conclusive upon the same parties in a subsequent suit, without regard to whether the cause of action is the same in both suits.

2. ESTOPPEL—*when determination of fact in suit at law operates as estoppel by verdict in equity.* The title to real estate can not be tried in a suit in assumpsit, but where a party sues for rent and the defendant pleads that he is in possession under an oral agreement for the conveyance of the property and sets up his performance of the contract, the determination of the issues against the plaintiff operates as an estoppel by verdict in a subsequent foreclosure suit to which both parties are made defendants.

3. LEASES—*character of a tenant's possession is changed upon making contract with landlord for conveyance.* A tenant cannot question the title of his landlord, but where the tenant makes a contract with his landlord for a conveyance and performs his part of the agreement the character of his possession is changed, and it is not necessary that he surrender possession and re-enter under the contract.

4. SPECIFIC PERFORMANCE—*when equity will enforce promise of parent to convey to child.* A promise by a parent to convey a tract of land to a child if he will take possession of and improve the same, when followed by possession and the expenditure of labor and money in making lasting and valuable improvements, will be enforced in a court of equity.

5. MORTGAGES—*when mortgage is subordinate to rights of party in possession of land.* Where the son of the holder of the legal title to a farm has for several years been in possession of the farm and made valuable improvements thereon under a verbal contract with his father for a conveyance of the land, with the terms of which contract the son has fully complied, a mortgage on the farm subsequently given by the father is subordinate to the son's rights.

APPEAL from the Circuit Court of Macon county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

JENNINGS & ELDER, and JACK & BOGGESS, (C. L. FOSTER, of counsel,) for appellant.

McDAVID & MONROE, and WHITLEY & FITZGERALD, for appellee Charles Mahannah.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

George O. North, one of the appellees, filed his bill in equity in the circuit court of Macon county for the foreclosure of a mortgage on 210.56 acres in that county executed by Henry Mahannah, the appellant, and his wife, on March 14, 1914, to secure a note of $14,000 to the Mutual Benefit Life Insurance Company, which had been assigned to North. The record title was in the appellant, and the bill made the appellee Charles Mahannah also a defendant under the averment that he had or claimed some interest in the mortgaged premises. Charles Mahannah answered that when the mortgage was made he was the owner and in the open and visible possession of the premises under a contract with his father, Henry Mahannah, made in 1904, by which he was to have the farm and was to pay his father $1000

per year as long as Henry Mahannah and his wife should live. He denied that North had any right in the premises as against him, and alleged that about 1913 Henry Mahannah attempted to repudiate his contract and brought suit in the circuit court of Macon county against him for rental of the premises, claiming that he was a tenant; that in the suit Henry Mahannah sought to hold him for rent; that in defense of the suit he pleaded the oral agreement and the issue was found in his favor. Henry Mahannah answered the bill, admitting the alleged debt and the execution of the note and mortgage and alleging that the interest of Charles Mahannah in the lands was that of a tenant, only. Henry Mahannah also filed his cross-bill, alleging that he was the owner in fee simple of the lands and the legal title stood in him; that Charles Mahannah was his tenant and had paid rent to the year 1904 with two-fifths of the grain growing on the premises and after 1904 was a tenant at a rental of $1000 per year, and he charged as a matter of law that the oral gift was in violation of the Statute of Frauds. The prayer of the cross-bill was that the claim of ownership by Charles Mahannah should be removed as a cloud upon the title; that the mortgage for $14,000 be declared a first lien upon the lands, and that the cross-complainant be decreed to be the owner of the lands after the discharge and payment of the mortgage debt by him. Answers to the cross-bill were filed by North and Charles Mahannah and replications were filed thereto. The issues were referred to the master in chancery to report the evidence with his conclusions of law and fact. The master heard the evidence and reported the same with his conclusions, which, so far as the issues made by the answers to the original bill and cross-bill are concerned, were that the agreement alleged by Charles Mahannah was proved; that relying upon the contract he had made improvements costing more than $6500 and had been in possession since the making of the contract and paid the taxes; that he had not been in default in the

annual payments of $1000, and that the Statute of Frauds did not apply to the facts proved. The cause was heard on exceptions to the report, which were overruled and a decree was entered accordingly. The decree found that the contract was made and had been performed up to that time by Charles Mahannah; that the question whether Charles Mahannah was a tenant of Henry Mahannah or a purchaser had been tried in the circuit court in a suit of Henry Mahannah to recover $1200 as rent and found for Charles, and that Henry Mahannah was indebted to North in the amount of the mortgage debt, but the rights, interests and equities of North were subject to the rights and equities of Charles Mahannah. The decree subjected the annual payments of $1000 toward the payment of the mortgage debt and dismissed the cross-bill for want of equity. From the decree George O. North, complainant in the original bill, appealed to the Appellate Court, and Henry Mahannah, complainant in the cross-bill, appealed to this court, assigning for error the findings of the decree that the contract in question was made, and that he was estopped to dispute the fact by the finding and judgment in the suit for rent.

The questions whether the cross-bill to try the title as between Henry Mahannah and his son Charles was germane to the original bill to foreclose the mortgage, and whether possession under an oral claim of ownership is such a cloud on the title as will authorize a bill to remove it, will not be considered, because the cross-bill was answered and the issues tried, and the report of the master, the findings of the chancellor and the decree were on the merits. The only questions to be determined on this appeal are those relating to the freehold.

Prior to February, 1904, Charles Mahannah occupied the lands in question as a farm, paying as rent two-fifths of the grain raised and $50 a year for twelve acres of pasture land. Concerning the making of the contract Charles Mahannah testified, and he was corroborated by two men

who were working on the farm at the time, that in February, 1904, he and his men were in the cattle barn feeding cattle and Charles complained to his father that the barn was leaking and ought to be fixed, and his father said that he had a proposition to make to him; that the farm was his and he should pay $1000 a year as long as his parents lived; that Charles should go ahead and improve the farm and he did not expect to have anything more to do with it; that he did not expect to spend another cent on it, and whatever Charles did there was for his own good, and all he wanted was $1000 a year as long as he and his wife lived, and that Charles agreed to the proposition. Charles occupied the premises thereafter claiming to be the owner under the agreement and spent $6500 in improvements and paid the $1000 a year according to the agreement. The wife of Henry Mahannah had died before the suit. Henry Mahannah denied making the agreement, and testified that their talk was for a change of grain rent to $1000 annual rental. The master and chancellor did not believe his testimony, and a reading of the record leads us to the conclusion that the contract was made and performed. Furthermore, the question was settled in the suit in the circuit court for rent. In that suit Henry Mahannah, as plaintiff, filed his declaration, consisting of the common counts in assumpsit with an affidavit of merits. The copy of the account included rents of the premises occupied by the defendant, and the affidavit of merits was that the cause of action was for rent for a farm in Macon county occupied by the defendant. The plea was the general issue and the cause was tried by the court without a jury. The court held a proposition of fact submitted by the defendant that the contract was made; that the defendant had full and complete possession under the agreement and had made valuable and lasting improvements to the amount of $5000; that the defendant had paid to the plaintiff, and the plaintiff had accepted from the defendant, $1000 annually, and that the repudi-

ation of the agreement would be a fraud on the defendant and the Statute of Frauds was not a bar to the agreement. This satisfied the rule of law that when some specific fact has been adjudicated and determined in a former suit and the same fact is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. (*Hanna* v. *Read,* 102 Ill. 596; *Tilley* v. *Bridges,* 105 id. 336; *Attorney General* v. *Chicago and Evanston Railroad Co.* 112 id. 520.) The title to real estate cannot be tried in a suit in assumpsit, but the controlling fact in this case, whether the contract was made and had been performed up to the time of that suit, was determined in the former suit and it amounted to estoppel by verdict.

Charles Mahannah had been a tenant of his father, and while he sustained that relation he could not question the title of his landlord, but upon the making of the contract and his entry upon the performance of it the character of his possession was changed. (*Coari* v. *Olsen,* 91 Ill. 273.) It was not necessary that Charles should surrender the possession and re-enter under the contract. *Black* v. *Hoopeston Gas and Electric Co.* 250 Ill. 68.

A promise by a parent to a child to convey a tract of land to the child if he will take possession of and improve the same, when followed by possession and the expenditure of labor and money in making lasting and valuable improvements, will be upheld and enforced in a court of equity. *Kurtz* v. *Hibner,* 55 Ill. 514; *Langston* v. *Bates,* 84 id. 524; *McDowell* v. *Lucas,* 97 id. 489; *Fouts* v. *Roof,* 171 id. 568; *White* v. *White,* 231 id. 298; *Harlan* v. *Harlan,* 273 id. 155.

The decree dismissing the cross-bill is affirmed.

*Decree affirmed.*