SARAH L. YOUNGBLOOD WRIGHT v. EARL LEWIS and RENA LEWIS, Appellants.—19 S. W. (2d) 287.

Division One, July 30, 1929.

*Neale & Newman* for appellants.

406

*J. W. Chilton* for respondent.

RAGLAND J.—The petition in this case is in two counts: The first is the statutory action for determining and quieting title to real estate; the second is in ejectment; both are conventional in form.

The answer, in addition to a general denial as to both counts, averred that defendants were in possession of the premises described in the petition and had the equitable title thereto by virtue of a written contract of purchase and sale theretofore executed by and between plaintiff and defendants; that defendants were, and at all times had been, ready and willing to perform said contract on their part; but that plaintiff had refused, and still refuses, performance on her part. The answer further alleged that defendants had paid on account of the purchase money to be paid for the premises under the terms of said contract the sum of $471.72 and had incurred in connection with an effort to adjust the differences between plaintiff and defendants with reference to the contract an expense of $52.50. For these sums a recovery against plaintiff was asked, in the event the court found for her as to the title and the right of possession.

The reply, following a denial of new matter generally, admitted the execution of the contract and defendants' possession thereunder; specifically denied that plaintiff failed or refused performance of it; alleged a tender of due performance on her part, defendants' refusal of such tender, and their refusal, notwithstanding the tender,

to either pay the balance of the purchase money or surrender possession of the premises.

The answer and reply are replete with evidentiary matters, but the foregoing is a fair summary of the issues made by the pleadings.

The pertinent facts as disclosed by the evidence are few and simple. Defendants went into possession of the premises, a house and lot in the city of Springfield, Missouri, in May, 1923, under a written contract of purchase and sale executed by and between plaintiff and defendants, plaintiff having theretofore been in possession of the premises claiming to own them. The agreed purchase price was $1400; this was to be paid in monthly installments of $14.50 each, with interest on the unpaid purchase money as it accrued from month to month; and when $150 had been paid on account of the principal debt, plaintiff was to convey the premises to defendants by warranty deed, and they in turn were to execute a note, or notes, for the balance of the purchase money and a deed of trust on the property to secure the same. Defendants were also to pay from the time they went into possession all taxes, general and special, as they became due.

On September 24, 1924, defendants having paid $150 of the purchase money, plaintiff executed a general warranty deed purporting to convey the property to them; and they executed and delivered to plaintiff notes aggregating $1376 and a deed of trust on the premises described in the warranty deed to secure their payment. To the balance of the purchase money which was due at that time there was added the amount of the taxes, including a local improvement tax, which defendants had failed to pay and which on that account plaintiff had been compelled to pay. For that reason notes were executed in the sum of $1376 instead of $1250.

Some months after the execution of the deeds just referred to plaintiff discovered that the warranty deed, and the deed of trust following it, were wholly ineffectual as conveyances, because of the erroneous description in each of the premises intended to be conveyed. She thereupon advised defendants of that fact, tendered them a second deed containing what she considered to be a correct description of the premises and requested them to execute a new deed of trust which would conform. They refused to accept the deed, refused to execute a new deed of trust and refused to make any further payments on the purchase price, on the grounds: (1) That neither the warranty deed delivered nor the one tendered contained a correct description of the premises which plaintiff had contracted to convey to them; and (2) that she did not have a merchantable title to such premises which she could convey. Notwithstanding, defendants refused to surrender possession, or to make further payments of the purchase money according to the terms of the contract. And this situation continued up to the time of the trial.

Plaintiff offered evidence tending to show that she had the fee simple title to the premises in controversy, both of record and by limitation. She also tendered in court for cancellation the notes and deed of trust for $1376 executed by defendants.

After hearing the evidence the court found the issues for the plaintiff under both counts of the petition; adjudged that she had the full title, both legal and equitable, to the premises in controversy; and gave judgment of ouster against the defendants. Defendants' claim for a recovery of the purchase money paid by them and for damages was nowhere referred to in the finding or judgment.

Appellants' brief contains three formal assignments of error. Taken collectively they amount to this: On the evidence, plaintiff failed to make a case under either count of the petition.

We have not considered it necessary to set forth the evidence offered on the part of plaintiff in support of her claim of title. It is sufficient to say that it was substantial and tended to show prima facie that she had title by limitation at least, and no countervailing evidence was offered on the part of defendants. It stands conceded that the deed delivered by plaintiff to defendants was wholly ineffectual as a conveyance of the property in question, because no part of it was embraced within the description of the subject-matter of the conveyance. Plaintiff's title was therefore not affected in any way by its execution and delivery.

The deed did not operate as a conveyance of the title, neither did it constitute performance of the contract of sale on the part of plaintiff: and as defendants declined to accept the second deed tendered, the contract continued to be executory. What then were the rights of the defendants under the contract? Could they claim that it invested them with an equitable title while at the same time they were refusing performance on their part? The applicable rule in such cases finds statement in part in Sedgwick & Wait on Trial of Title (2 Ed.) sec. 317, as follows:

"Where, however, the vendee enters into possession under an executory contract to purchase land, and fails to comply with the terms of the contract by neglecting to pay the purchase money, the vendor may bring ejectment, and the vendee obviously cannot dispute his title, nor set up an outstanding title to defeat a recovery, any more than a lessee could question the title of his lessor, and for the same reason. The estoppel in one case, as in the other, is founded upon the fact that the defendant has been clothed with the possession by the plaintiff. Were the rule otherwise the inconvenient condition of affairs would result that no vendor could safely part with the possession of his lands until the consideration money had been fully paid."

As affecting the rights of the parties in an action of this kind, it is immaterial whether the initial default in the performance of the contract of sale rests with the one or the other. The principle is that the vendee cannot retain possession of the land and at the same time refuse to pay the purchase money. In Worley v. Nethercott, 91 Cal. 512, it was held:

"A purchaser of land in possession thereof under a contract of sale, by the terms of which the vendor is to give a warranty deed of the property, conveying a good and perfect title thereto, cannot, upon the vendor's failure and inability to convey a good and perfect title, retain both the land and the purchase-money until a perfect title shall be offered him, but he must pay the purchase price according to the contract, and receive such title as the vendor is able to give, if he chooses to retain the possession of the land, or he may rescind the contract, restore the possession to the vendor, and recover the purchase-money paid, together with the value of his improvements, after deducting therefrom the fair rental value of the premises; and if he. fails and refuses to adopt either course, he is liable to an action of ejectment by the vendor."

Of like tenor are the decisions of this court. [Smith v. Busby, 15 Mo. 387, l. c. 393; Gibbs v. Sullens, 48 Mo. 237; Fulkerson v. Brownlee, 69 Mo. 371; Rose v. Perkins, 98 Mo. 253, l. c. 258, 11 S. W. 622; De Bernardi v. McElroy, 110 Mo. 650, 19 S. W. 626; Heller v. Jentzsch, 303 Mo. 440, l. c. 449, 260 S. W. 979.]

Appellants assert that they are ready and willing to perform the contract on their part, if, and when, respondent perfects her title and tenders them a proper deed of conveyance. In the meantime they retain both possession and the purchase money. The equitable title of the vendee under a contract of sale arises, if at all, through performance, or an unconditional tender of performance, on his part.

The trial court's finding both as to title and the right of possession was unquestionably correct.

Defendants' claim for a return of the purchase money paid by them and for damages, while not formally pleaded as a counterclaim, was such in effect. [Sec. 1233, R. S. 1919.] The trial court in ignoring it in its finding and judgment failed to dispose of all the issues. But, as such failure was not mentioned in the motion for new trial or assigned as error in this court we would not be. warranted in reversing the judgment and remanding the cause on that ground. It is probable that the value of the rents (the court assessed the monthly value at $15) equaled or exceeded the amounts claimed by defendants on account of payments of purchase money and for damages.

The judgment of the circuit court is affirmed. All concur.