Thomas DAVIS (Plaintiff), Appellant,

v.

Elmer BRADFORD (Defendant), Respondent.

No. 29748.

St. Louis Court of Appeals.

Missouri.

Dec. 19, 1957.

Albert L. Eagland, St. Louis, for appellant.

Thurman, Nixon & Blackwell, Jeremiah Nixon, Hillsboro, for respondent.

## ANDERSON, Judge.

This is an action for rent and possession of a farm in Jefferson County. The action was originally filed in the Magistrate Court. The cause was tried on an amended petition which alleged that plaintiff was the owner of certain premises situated in East DeSoto, Missouri, described and known as "twenty-four (24) acres off the east end of south half of the southeast quarter of section two (2), township thirty-nine (39), range four (4) east except five (5) acres heretofore conveyed to Smith Johnson, known as Old Carter's Farm in East DeSoto, Missouri." It was then alleged that said property was rented to defendant by the month at the rate of $15 per month, payable in advance; that the sum of $375 was then actually due for rent from November 15, 1952, to January 1, 1956; that the same had been demanded of defendant but that payment had not been made. The prayer of the petition was for judgment "for his rent and restitution of his premises with costs."

Defendant's answer was a general denial.

The magistrate found for plaintiff. From this judgment defendant appealed to the Circuit Court of Jefferson County.

The trial in the circuit court resulted in a finding and judgment for the defendant. In its decree, the court found as follows: "(a) That the property described in plaintiff's petition was never rented to the defendant; (b) that there was no agreement between the parties that defendant would rent the premises described from plaintiff; (c) that there was no rent due and owing by the defendant to the plaintiff; (d) that no landlord-tenant relationship exists between the defendant and plaintiff; (e) that defendant went on the property described in plaintiff's petition in pursuance of an oral agreement to purchase same, and that plaintiff gave him permission to go on the farm; (f) that at the time the defendant went into possession of the premises same were wholly unfit for occupancy; (g) that in the various petitions filed, and exhibits introduced in evidence, there is an inconsistency in the amount of rent claimed by plaintiff."

Plaintiff has appealed.

Plaintiff testified that he was the owner of the farm in question, having purchased it from the heirs of his grandfather, Thomas Carter. The farm consists of 19.15 acres. He stated that between October 10th and 15th, 1952, defendant came to his place in St. Louis and spoke of wanting a place to stay. At that time, according to plaintiff's testimony, he rented the farm to defendant for $15 per month. Thereafter, he demanded the rent from defendant and was told by the latter that Mr. Arnote said he (Bradford) did not have to pay any rent and also that he did not have to move from the farm. Mr. Arnote was a local real estate agent. Plaintiff testified there was then due as rent the sum of $705. He stated that he was asking for possession of the farm.

Plaintiff was then shown defendant's Exhibit A. Said exhibit is in words and figures as follows:

"August 20, 1951.

"Received of Elmer E. Bradford

"Ten & no/100..............Dollars Earnest money for 19 acres east of DeSoto owned by Geo. & Herbert Davis $10.00  Frank Arnote By June Nance."

Plaintiff testified that Herbert Davis was his brother.

Plaintiff further testified that he never received $10 from Frank Arnote as earnest money on this property.

Plaintiff was then shown defendant's Exhibit C. Said exhibit was in words and figures as follows:

"2/10/52

"To Whom It May Concern

"I give Mr. Bradford permission to move on the farm in DeSoto, Mo.
"Thomas G. Davis
2804 Cass Ave."

Plaintiff identified his signature on said exhibit and testified that he did give defendant permission to move onto the farm; that he gave him a card, but did not know when or the date defendant moved onto the premises. He stated that he first demanded rent in the spring of 1953, but could not remember the date or the amount demanded. He admitted that in the notice to terminate the tenancy, which was dated October 15, 1953, no demand was made therein for rent. In explanation, he stated: "I wanted possession at that time. I told him if he would go on and move we would forget about the rent." Plaintiff further testified that he received just one installment of rent from defendant, $15, in October, 1952, when defendant came to see him about renting the place.

On cross-examination, plaintiff denied that he ever listed the property for sale with Mr. Arnote. He stated that after he bought the farm he thought somebody approached Mr. Arnote, and that he and Arnote talked about the latter finding a buyer, but he never signed any authorization for Arnote to sell the place. He stated Arnote mentioned Mr. Bradford, but he never agreed to sell the property. He further testified:

"Q. You never agreed at any time to sell the Old Carter Farm to Mr. Bradford? A. In writing or orally?

"Q. Orally. A. We may have talked about something orally.

"Q. Did you agree orally? A. I don't know whether we agreed or not. I say we may have talked about it. * * * When you agree to sell a piece of property you have to get some kind of earnest money or contract when you agree to do it.

"Q. My question is: Did you and Mr. Bradford agree? A. I wouldn't say exactly."

Defendant denied that he ever entered into a rental contract with plaintiff. He stated that prior to moving onto the farm he entered into an agreement to purchase the property for $1,200. The agreement called for a down payment of $300 and $50 per month thereafter. It was made with Mr. Davis, acting through Mr. Arnote. Defendant made a deposit of $10 as earnest money. Defendant further testified that plaintiff never did furnish him a good title, as he had promised. He also stated that he was still ready to buy the property. The defendant further testified:

"Q. I hand you what has been marked defendant's Exhibit C. I will ask you what was the purpose in getting the plaintiff to give you that card. A. I asked him for permission to move on it and start repairing the place, because without permission from Mr. Davis someone might come along and say I didn't have the right to be on the place.

"Q. That was because you thought the title was going to be cleared, you were going to close the deal? A. Yes, sir.

* * * * * *

"Q. The plaintiff had promised that he would clear this title for you so the thing could be completed, didn't he? A. Yes, sir.

"Q. Based on that, I assume, you moved on the premises and started to work? A. Yes, sir."

Defendant testified as to repairs, as follows:

"First had to jack the house up, it wasn't level. We jacked the house up, put a foundation under it. There was no lining on the inside, somebody tore all of the plaster laths off. There were no windows or doors, and one room had no floor. We built an extra room. We put floor in it, wallboard, windows, doors and lowered the ceilings. * * * I also put in electricity. There was no water there. I had to fix the cistern two or three times before I could get it to hold water. * * * I never did rent it. I wouldn't rent a place without water and electricity.

"Q. At any time did you ever pay this plaintiff a penny for rent? A. Not a cent.

"Q. All of this time you have remained ready, willing and able to carry out the agreement, is that true? A. That is correct."

Defendant further testified that the last time he told plaintiff he was still ready to pay $1,200 for the property plaintiff stated that if he wanted the farm he would have to pay $2,000 for it.

Appellant's first point is that the court erred in permitting defendant to give testimony, the effect of which was to deny plaintiff's title to the premises in question. It is difficult to determine from appellant's brief just what evidence he has in mind. However, we will assume that it is the defendant's testimony with reference to the alleged contract of purchase and the reason given for plaintiff's failure to complete the sale, namely, the latter's failure or inability to furnish a good title.

■ The testimony with reference to the contract of purchase went in without objection, and no complaint of its admission or the reception of the testimony with reference to plaintiff's inability to furnish title was preserved for review in the motion for new trial. However, in the interest of justice, we have decided to consider the matter as though properly preserved.

■ It is sought here to apply the well established rule that a tenant cannot dispute his landlord's title. What is meant by the rule is that a tenant cannot set up an outstanding or antagonistic title to that of his landlord. But a tenant may acquire a title under the landlord, or a consistent title, and set it up as a defense to an action for rent and possession. Higgins v. Turner, 61 Mo. 249. Nor can the rule be applied where the relationship of landlord and tenant is not admitted, but is the very issue in the case. Yori v. Phenix, 38 Nev. 277, 149 P. 180; Conolly v. Rosen, 144 Ark. 442, 222 S.W. 716; Reitze v. Humphreys, 53 Colo. 171, 125 P. 522; State ex rel. Hillman v. Hutchins, 118 Fla. 220, 158 So. 716; Mahannah v. Mahannah, 292 Ill. 133, 126 N.E. 573; Haynes v. Switzer Real Estate Corp., 100 Ind.App. 410, 196 N.E. 133; Smith v. Smith, 81 Tex. 45, 16 S.W. 637.

■■ The case at bar is a landlord and tenant action brought under the provisions of Chapter 535 RSMo 1949, V.A.M.S. In order to recover in such an action there must be shown a landlord and tenant relationship. Duke v. Compton, 49 Mo.App. 304; Barclay v. Wyatt, 223 Mo.App. 1022, 14 S.W.2d 44. The defendant's testimony tended to show the non-existence of that relationship, and was admissible. The fact that plaintiff made a prima facie showing that the relationship did exist does not render the evidence inadmissible on the theory advanced by appellant. Yori v. Phenix, 38 Nev. 277, 149 P. 180.

The evidence that plaintiff was unable to furnish a good title was offered to explain why the contract of purchase had not been completed. It was a relevant circumstance offered to repel any possible unfavorable inference that could be drawn from a showing of the non-completion of the contract. There was no error in admitting this evidence.

■ Appellant's next point is that the court erred in admitting defendant's testimony with reference to the contract of purchase, because said alleged contract was un-

enforceable under the statute of frauds. No such objection was made below—either at the trial or in the motion for rehearing. For that reason, it cannot be urged here as a ground for reversal. Span v. Jackson-Walker Coal & Mining Co., 322 Mo. 158, 16 S.W.2d 190. However, it is obvious there is no merit to the point. The evidence was not offered in an attempted enforcement of the contract, but for the purpose of showing that defendant did not enter the premises as plaintiff's tenant. For that purpose, it was clearly admissible.

■ Appellant's final specification of error relates to the admission into evidence of defendant's Exhibit "A", which was a receipt for earnest money signed by Frank Arnote. It is urged that said exhibit was not admissible for the reason that it was not shown that Arnote had written authority from plaintiff to effect a sale of the premises. Appellant relies on Section 432.010 RSMo 1949, V.A.M.S., which provides that "no contract for the sale of lands made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract."

We cannot consider this last point since it was not made the basis of the plaintiff's objection at the trial. The trial court cannot be convicted of error in overruling an objection to the introduction of evidence on a theory or ground not brought to its attention at the trial. Span v. Jackson-Walker Coal & Mining Co., 322 Mo. 158, 178, 16 S.W.2d 190, 200; Rockenstein v. Rogers, 326 Mo. 468, 31 S.W.2d 792; Luechtefeld v. Marglous, Mo.App., 151 S.W.2d 710.

■ The effect of the trial court's finding and judgment is merely that plaintiff has no cause of action for rent and possession under Chapter 535 RSMo 1949, V.A.M.S. It does not foreclose plaintiff's right to seek whatever relief the facts may warrant in another and more appropriate action. See Wright v. Lewis, 323 Mo. 404, 19 S.W.2d 287.

Finding no error in the record, the judgment is affirmed.

RUDDY, P. J., concurs.

MATTHES, J., not sitting.